UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL NITTOLO,<br>    Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Civ. Action No. 2:06-cv-194 (KSH)<br>Crim. Action No. 01-262 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  On December 13, 2002, this Court sentenced Michael Nittolo to a term of 151 months after he pleaded guilty to the charge of conspiracy to distribute in excess of 5 kilograms of cocaine, a crime that carries a statutory minimum of 10 years imprisonment. Mr. Nittolo pleaded guilty after approximately four days of trial. He had previously testified in a hearing on a motion to suppress, which the Court denied. After making findings that Mr. Nittolo had not been truthful in his testimony at the suppression hearing, the Court granted the government's motion to enhance the sentencing range based on obstruction of justice. The sentence was at the bottom of the sentencing guidelines range of 151 to 188 months.

  Several years after the sentencing, Mr. Nittolo filed a petition under 28 U.S.C. §2255 asserting that he had just weeks before learned from his trial attorney that no appeal had been filed on his behalf. The government moved to dismiss, and on directions from the Court, thereafter filed an answer. The first defense was that the petition was untimely because it was filed in January 2006, over three years after the sentencing. The second defense was that the facts did not support the claim that Mr. Nittolo's lawyer failed to follow directions to file a notice

1

of intent to appeal.  In addition to the answer, the government presented an affidavit of Mr. Nittolo's lawyer, Alan Dexter Bowman, who represented that at the sentencing hearing there was specific information given to Mr. Nittolo that he had the right to appeal and to request the clerk of the District Court to file a notice of appeal on his behalf.  Further, Mr. Bowman stated that he and Mr. Nittolo severed their relationship directly after the sentencing hearing; that had Mr. Nittolo asked him he would have filed a notice of appeal but under no circumstances would he have represented him; and that the first time he became aware of Mr. Nittolo's claims was when he received a letter from his former client in December, 2005, almost 3 years to the day after the sentencing hearing.

The applicable law is not in dispute; in a nutshell, the issue is whether equitable tolling saves this petition.  By operation of the amendments to §2255 in the Antiterrorism and Effective Death Penalty Act **("**AEDPA"**)**, a one-year period of limitation applies, which runs from the date the judgment of conviction became final, or, under certain circumstances from a later date as set forth in the statute:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The government correctly points to the appropriate legal analysis in determining timeliness, which appears in <u>Fahy v. Horn</u>, 240 F.3d 239 (3d Cir. 2001).  That case discusses

equitable tolling, and concludes that it occurs "when the petitioner has in some extraordinary way been prevented from asserting his or her rights." Fahy, 240 F.3d at 244 (citation omitted). "In non-capital cases," such as Mr. Nittolo's, our Circuit has explained that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Id. at 244 (citing cases).

Here, in the absence of an appeal, the government contends the expiration date for a timely §2255 petition is one year and 10 days after the sentencing hearing on December 13, 2002 and as a result, the filing on January 17, 2006 happened over two years after the last possible date that a timely petition could be filed. Put another way, instead of acting within the one-year statutory limitations period, Mr. Nittolo took 3 years. The government argues that Mr. Nittolo "has not described or demonstrated any behavior" that would be consistent with the applicable high standard requiring a showing of "extraordinary" circumstances. "Even by his own version of events," the government contends in its brief on pp. 6-7, "he made a request of his attorney to file an appeal, then waited *three years* to determine whether the instruction was followed" (emphasis in the original).

Mr. Nittolo argues in a "traverse/response" to the government's answer, that he is entitled to in effect sit on his claim for a full year, and that makes his filing only one year late – in effect the first year isn't counted in assessing whether he exercised due diligence. This argument does not make sense in light of the facts asserted: that Mr. Bowman had been told to file a notice of appeal and that Mr. Nittolo had only recently learned, after contacting Mr. Bowman, that no appeal had been filed. Logically, if Mr. Nittolo's contention is true, the instruction to appeal was given the day of the sentence and for three years he was relying on Mr. Bowman to carry it out.

In effect every day of those three years is factored in when the Court considers whether Mr. Nittolo has made the proper showing.

Nor do Mr. Nittolo's other factual assertions persuade. According to the traverse, which requests an evidentiary hearing, the docket entries in his case show that he ordered and paid for transcripts of the plea and sentencing hearing and requested copies of documents filed in connection with motions filed pro se and through counsel. Mr. Nittolo appends a letter dated August 15, 2004 from an attorney in Montreal sending him "some of the transcripts of your trial and sentencing hearing." On p. 9, the traverse describes this considerable activity as undertaken "for the sole purpose of personal research into his case, i.e., appellate issues."

When a court decides whether equitable tolling applies, it does not abandon common sense. Mr. Nittolo's activity on his own, and his involvement with Canadian counsel to obtain records of his United States trial proceedings, indicate that Mr. Bowman was not involved, consistent with Mr. Bowman's affidavit, and renders less than credible Mr. Nittolo's contention that he was under the impression that Mr. Bowman was moving ahead with an appeal even though Mr. Nittolo does not appear to dispute that there was no contact between him and Mr. Bowman between December 2002 and December 2005. Is the Court to conclude that Mr. Bowman had access to transcripts and motion papers that he separately obtained without any interaction with Mr. Nittolo while Mr. Nittolo was getting his own access to transcripts and motion papers that he separately obtained without any interaction with Mr. Bowman? Why would Mr. Nittolo need to contact Canadian counsel at all if his trial attorney had set the ball in motion? Why would Mr. Nittolo be conducting personal research into his appellate issues if he believed trial counsel was perfecting an appeal; and if all he expected was that Mr. Bowman had

4

alerted the court that Mr. Nittolo *intended* to appeal, why wasn't Mr. Nittolo adhering to the time and briefing requirements of the appellate process?

The "due diligence" showing requires "doing," not sitting passively for three years. To prevail here, Mr. Nittolo must justify a three year delay in pursuing judicial review of any kind. Granting an evidentiary hearing about the factual assertions assumes there is genuine dispute about relevant issues. For three full years, it is undisputed that Mr. Nittolo had no contact with the attorney who represented him at his sentencing. This behavior fully supports Mr. Bowman's assertion that the two men parted company on the day sentence was rendered. Mr. Nittolo's activities on his own and with another attorney support Mr. Bowman's assertion that no further professional relationship existed. There is no support for Mr. Nittolo's claim that over the years Mr. Bowman was not litigating an appeal despite being instructed to do so – there is only his word and his actions belie it.

Finally, Mr. Nittolo's claim that the Bowman affidavit raises issues about whether he was properly "consulted" about an appeal has no merit. Mr. Nittolo needed to show that something more than neglect on his – not Mr. Bowman's – part created the delay. He has failed to do so. Instead and inadvertently his arguments reveal that he has been acting on his own and simply filed for post-conviction relief too late. As such, equitable tolling does not preserve his petition and it is dismissed as untimely. The Court will not issue a certificate of appealability because no reasonable jurist could find the court's resolution these claims "debatable or wrong" nor conclude that the issues presented deserve encouragement to proceed further. See United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006); see also, e.g., Stevens v. United States, Civ. No. 05-1113 (DRD), Crim. No. 99-560 (DRD), 2006 U.S. Dist. LEXIS 62071, *7-8 (D.N.J. Aug. 16, 2006).

The Court recalls quite clearly Mr. Nittolo's demeanor at the plea hearing, which was emotional and remorseful. Mr. Nittolo's mother had attended trial proceedings and was very supportive of him. The Court recalls as well that before engaging in criminal activity, Mr. Nittolo had maintained a full time job as a long distance trucker and had his own red truck that, ultimately, he admitted he had used to move cocaine as part of a drug trafficking enterprise. Mr. Nittolo maintained his innocence for a long time and his plea came in the midst of trial when, one must assume, the weight of the government's proofs was obvious. His lengthy sentence came about because of the significant amounts of drugs seized, exposing him to a mandatory minimum sentence of 10 years, and his own testimony that the Court found to be untruthful. That said, the Court's impression then, and still, is that Mr. Nittolo has the wherewithal to reintegrate into a law-abiding community life in Canada, his country of origin. These points are added to the foregoing legal analysis to communicate to Mr. Nittolo that the Court respects the decision he made to accept responsibility for what he did, and genuinely believes that his focus is better placed on how he will re-enter a society that needs hard-working and proud individuals with a will to succeed through lawful, honest labor.

An appropriate order will be entered.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Dated: October 20, 2008